**Prosecutor General's Office
of the Russian Federation**

15A Bolshaya Dmitrovka
Moscow, GSP-3, 125993, Russia

_22_.03.2005   Our ref. 35\2-3573-04

**Ms. Mary Ellen Warlow
Director**
Office of International Affairs
U.S. Department of Justice

1301 New York Ave. NW
Washington, D.C. 20005

**Dear Ms. Warlow,**

The Prosecutor General's Office of the Russian Federation presents its compliments to the U.S. Department of Justice and pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of 06/17/99 has the honour to request mutual legal assistance in criminal matter No. 12004279030, instituted on the elements of crime stipulated by Art. 159 part 4 (fraud) of the Criminal Code of the Russian Federation.

The performance of the investigative actions in the territory of the United States of America is necessary in order to ensure a comprehensive preliminary investigation.

Procedural criminal law of the Russian Federation envisages limited terms of the prejudicial investigation on criminal matters. Procedural terms violation may adversary affect the results of criminal investigation and brining to justice the accused.

In view of the above, please take all the necessary measures to execute the above-mentioned request prior to 01.06.2005 and forward the results obtained to the Prosecutor General's Office of the Russian Federation.

The Prosecutor General's Office of the Russian Federation guarantees that the documents and data obtained during the course of the request execution will be used for the purposes of the investigation only and will not cause any harm to the sovereignty, security and public order of the United States of America.

The Prosecutor General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States of America.

Enclosure: on 36 pages.

**Acting Chief
International Law Department**

 /signature/

**V.I.Erokhin**

To Competent Authorities of

United States of America

REQUEST

on legal assistance

Pskov city                                                              November 16, 2004

Investigation department of Pskov region Internal Affairs Department investigates criminal case # 12004279030 (please, refer to the number in reply) on swindle, i.e. misappropriation of property by means of unjustified presentation of value added tax (further VAT) for reimbursement from budget, committed by management of close corporation (further CC) "Mechanization Department - 219" in particularly large amount of 3214197 rubles. The present criminal case was brought in June 18, 2004 based on crime stipulated by section 4 of clause 159 of Criminal Code of Russian Federation (the full text of the clause is supplemented to the present request).

Preliminary investigation ascertained that, CC "Mechanization Department - 219" in the person of director Yegorov N.A., CC "Pskovkirpich" in the person of director Shorokhov V.N., and public corporation (further PC) "Pskovavto" in the person of director Lebedev N.G. are exporters of white color single-crystal wafers in dimension of 60x48x0,5 mm, consisting of corundum single crystals grinded from one side and polished from another side, in quantity of 101 pieces at the price of $ 8 226 per one wafer, including CC "Mechanization Department" – 63 pieces, CC "Pskovkirpich" – 19 pieces and PC "Pskovavto" – 19 pieces. CC "Mechanization Department", CC "Pskovkirpich", PC "Pskovavto" purchased the present wafers from limited liability company (further LLC) "Energocom" in the person of director Sklyarenko S.N. In turn, the LLC "Energocom" purchased the given goods from LLC "Teplocom" in person of director Zakharov V.R. Initially the goods belonged to LLC "Eldonis" which is now unavailable at the legal address and it's actual location is not known. The firm is registered by stolen documents.

CC "Mechanization Department - 219", CC "Pskovkirpich", PC "Pskovavto" export goods through commercial agent CC "Priborcomplect" – head is Kosenkov V.S. on the basis of contract MN-08 of May 28, 2002 to firm "GLANTREX LLC", - head is V. Brueve, to consignee – firm "Bardas", Lithuania, 2029, Vilnius, Fabienishku, 93-9.

According to accompanying forms, there were arrived to Lithuania glass plates in dimension of 60x48x0,5 mm in quantity of 101 pieces, at price of $1,2 per 1 piece.

Notified for deliberately false translation by clause 307 of Criminal Code of Russian Federation: translator _____     Vladimir Plakunov

Considering subparagraph 1 of paragraph 2 of clause 151 of Tax Code of Russian Federation stating that on export of goods from customs territory of Russian Federation in customs procedure of export, the VAT is not paid since the given benefit is stipulated for domestic producers support and competitive capacity raise, avoidance of double taxation for exported goods, the Management of CC "Mechanization Department - 219", CC "Pskovkirpich" and PC "Pskovavto" submitted to Pskov city Taxation Inspection of Taxation Ministry of Russian Federation   (further Pskov city TI) unjustified VAT amount for reimbursement in VAT declaration for July 2002, including CC "Mechanization Department - 219" – 3 214 197 rubles, CC "Pskovkirpich" – 969 361 ruble, PC "Pskovavto" – 969 361 ruble. Pskov city TI declined the VAT reimbursement in the indicated amount, then representatives of the named above organizations applied to the Arbitrage of Pskov region, which failed properly examine the submitted documents for the actually committed transaction and obligated Pskov city TI to reimburse CC "Mechanization Department - 219", CC "Pskovkirpich", PC "Pskovavto" the named above amounts. According to court decision the money were paid.

Thus, CC "Mechanization Department - 219", CC "Pskovkirpich", PC Pskovavto" on purpose of acquiring a right for illegal collection of money, submitted to taxation authorities and Arbitrage of Pskov region counterfeit documents confirming the export transaction, mislead them and illegally reimbursed the VAT from budget.

Data received through channels of National Central Interpol Bureau on legal entity in question, located in the territory of the United States of America:

Name: GLANTREX LLC
Status: activity suspended from 01.06. 2003
Residence: Domestic          State: Delaware Country: USA
Registration date: 02.01.2002
          Data on representative:
Registered representative: 9158154 American Incorporators LTD
Address: 1220 N. Market Street
Telephone: 302-421-5752
Fax: 302-421-5753
City: Wilmington          State: Delaware ZIP: 198701
          Tax data:
Balance sheet of 18.06.2003 – 203.00
Earnings: .00
Tax: 100.00
Fine: 100.00
Income: 3.00
Others: .00
Payments: .00
Balance: 203.00
Notified for deliberately false translation by clause 307 of Criminal Code of Russian

Federation: translator _____          Vladimir Plakunov

In an effort of facts ascertainment, evidencing the indicated in accompanying forms goods actually did not crossed the customs border of Russian Federation and in fact the goods of less value were submitted for export procedure and the export proceeds has the internal origin, i.e. the funds entered in an account of an exporter were not transferred by foreign firm (the purchaser of exported goods) but arise as result of short term financial transaction, there emerged a necessity for investigative actions on the territory of the United states of America.

Under bilateral treaty between Russian Federation and United States of America on mutual legal assistance in criminal cases (Moscow, June 17, 1999), request:

1. Examine a witness - head of firm "GLANTREX LLC" for the following questions:
   - What is a kind of activity of firm "GLANTREX LLC", economic & financial ties, duration of presence at the market?
   - Which banks are the accounts opened, what are the accounts numbers?
   - From whom and on basis of what documents the single-crystal wafers have been purchased?
   - What is the origin of the goods, kind, quantity, volume, quality and cost?
   - What is the origin and authenticity of documents comprising goods description (quality certificates, laboratory examination reports etc.)?
   - What is the amount of the contract?
   - Did the indicated in the documents goods cost correspond to price actually existing in the world and internal market for these or similar goods?
   - Did the firm "GLANTREX LLC" have sufficient funds available for the given transaction?
   - Were the loans used for the transaction, and if yes, then what was the amount and who was the moneylender; in what way the liability settlement was cleared?
   - Who were the participants of negotiations for single crystal wafers purchase?
   - By means of what transport, when, where the goods were delivered and unloaded; where stored; what documents confirm the fact of delivery, storage and loading/unloading?
   - To whom the goods were sold?
   - Who participated in negotiations for corundum sell?
   - Does the given transaction correspond or contradict to principal characteristic activity of the firm?
   - Did the similar transactions take place before?
   - Did the transactions with companies indicated in the present request take place before?
   - In what way the effected transaction settlement cleared?
   - Is the given transaction registered in accounting records and tax accounts of firm "GLANTREX LLC" and are the taxes (duties) paid to budget?
   - What is the firm profit consisting of in the given transaction?

Notified for deliberately false translation by clause 307 of Criminal Code of Russian Federation: translator _____ Vladimir Plakunov

2. Impound from firm "GLANTREX LLC", located by the address: Domestic, State: Delaware, Country: USA the originals, and in case of impossibility, - verified copies of documents regarding the given transaction (authorization attached).

3. Impound from firm: 9158154 American Incorporators LTD, located by the address 1220 N. Market Street, City: Wilmington, State: Delaware, ZIP: 198701 the originals, and in case of impossibility, - verified copies of documents regarding the given transaction (authorization attached).

4. Identify and examine as a witness for the above-mentioned questions V.Brueve, presenting director of firm "GLANTREX LLC" according to contract MN-08 of 28.05.2002.

Request is to execute the examination in written with signatures of witness and official person holding the examination. In case of signature refusal of witness, the reason should be indicated in written.

I ask to send the results of execution of the present request to Investigation Committee of Ministry of Internal Affairs of Russia by address: 103009, Russian Federation, Moscow city, Gazetny pereulok, house 6. In case of execution delay or full or part refusal in providing legal assistance, the request is to inform the Russian party immediately.

The information contained in the present request is confidential and exclusively restricted since represents investigation secrecy. In turn, we guarantee that the data received us, as results of the present request execution are not subject to transfer to the third parties, will be used only in the interests of criminal case investigation, will not wrong the country and citizens of United States of America.

I ask you to accept assurance in our deep respect and willingness for providing mutual legal assistance within the frames of the previously mentioned bilateral treaty.


Contact telephones: (8112) 16-24-03, 16-11-35 / fax number: (81122) 2-07-08.


Investigator of Investigation Department of
Internal Affairs Department of Pskov region
Captain of justice            Signature                    Dobrokhotov A.A.



Notified for deliberately false translation by clause 307 of Criminal Code of Russian
Federation: translator _____        Vladimir Plakunov